UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EXCHANGE CENTRE, LLC            CIVIL ACTION

VERSUS            No. 20-2532

EDWARD CHEN            SECTION: "J"(1)

## ORDER AND REASONS

Before the Court are a *Motion to Dismiss for Lack of Personal Jurisdiction* and a *Motion to Strike* **(Rec. Doc. 19)** filed by Defendant, Edward Chen; an opposition thereto (Rec. Doc. 20) filed by Plaintiff, Exchange Centre, LLC; and a reply (Rec. Doc. 24) by Chen. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motion to dismiss and motion to strike should be **DENIED**.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Exchange Centre, L.L.C., owns the commercial office space at 935 Gravier Street, Suite 1000, in New Orleans, Louisiana. On July 12, 2019, Plaintiff, as lessor, and Tenth Exchange Centre New Orleans, L.L.C. ("Tenth"), as lessee, executed a lease (the "Lease") for Suite 1000. Tenth entered into the Lease through the signature of its registered officer, Chen. In addition, Chen executed a guaranty of the Lease (the "Guaranty")[1] in his personal capacity, agreeing to guarantee the performance of Tenth up to a maximum liability of $1,500,000.

---

[1] For the sake of avoiding confusion, the Court will continue to refer to this contract as "the Guaranty" because the parties and the contract itself refer to it as a guaranty. However, since the contract is governed by Louisiana law, the

1

On September 1, 2020, Plaintiff sent Chen a Notice of Rent Due as a result of Tenth's failure to pay rent. (Rec. Doc. 1-3). On September 17, 2020, Plaintiff filed suit against Chen in his personal capacity for breach of the Guaranty, arising from his alleged failure to fulfill the obligation of Tenth to Plaintiff. (Rec. Doc. 1). In the midst of the COVID-19 crisis, the Clerk of Court issued an entry of default against Chen due to his failure to file responsive pleadings to the complaint. (Rec. Doc. 9). In response, Chen filed a motion to set aside the entry of default, explaining that he had failed to respond because he was under quarantine due to a COVID-19 infection. (Rec. Doc. 11). The Court subsequently granted the motion and set aside the entry of default. (Rec. Doc. 16).

On April 19, 2021, Chen filed the instant motion to dismiss for lack of jurisdiction, arguing that he does not have minimum contacts with Louisiana, and thus, this Court lacks jurisdiction over Chen. (Rec. Doc. 19). Chen also filed a motion to strike, arguing that Plaintiff's complaint lacks a signature. (*Id.*). In its opposition, Plaintiff argues that: (1) Chen waived his ability to challenge this Court's lack of jurisdiction, (2) this Court has personal jurisdiction over Chen, and (3) the motion to strike should be denied. (Rec. Doc. 20).

## LEGAL STANDARD

Rule 12(b)(2) of the Federal Rules of Civil Procedure permits dismissal of a suit for lack of personal jurisdiction. "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that

---

contract should be referred to as a suretyship, and Chen, the guarantor, should be referred to as the surety. LA. CIV. CODE art. 3035.

jurisdiction exists." *Luv N'Care, Ltd. v. Insta-Mix, Inc.,* 438 F.3d 465, 469 (5th Cir. 2006). However, the plaintiff is not required to establish jurisdiction by a preponderance of the evidence; a prima facie showing is sufficient. *Id*. The court must accept the plaintiff's uncontroverted allegations and resolve all conflicts between the facts contained in the parties' affidavits and other documentation in favor of jurisdiction. *Id*.

A federal court sitting in diversity must satisfy two requirements to exercise personal jurisdiction over a nonresident defendant. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012). "First, the forum state's long-arm statute must confer personal jurisdiction. Second, the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment." *Id*. The limits of the Louisiana long-arm statute are coextensive with constitutional due process limits. *Jackson v. Tanfoglio Giuseppe, SRL*, 615 F.3d 579, 584 (5th Cir. 2010). Accordingly, the inquiry here is whether jurisdiction comports with federal constitutional guarantees. *See id*.

The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume personal jurisdiction of a non-resident defendant unless the defendant has certain "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). The Supreme Court has recognized two types of personal jurisdiction:

specific and general. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80 (2017).[2]

Specific jurisdiction is limited to "adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks and citation omitted). To establish specific jurisdiction, a plaintiff must show that "(1) there are sufficient (i.e., not random fortuitous or attenuated) pre-litigation connections between the non-resident defendant and the forum; (2) the connection has been purposefully established by the defendant; and (3) the plaintiff's cause of action arises out of or is related to the defendant's forum contacts." *Pervasive Software*, 688 F.3d at 221 (internal quotation marks and citation omitted). The defendant can then defeat the exercise of specific jurisdiction by showing that it would be unreasonable. *Id.* at 221-22.

## DISCUSSION

### I. WHETHER CHEN WAIVED HIS ABILITY TO CHALLENGE PERSONAL JURISDICTION

Plaintiff argues that Chen waived his ability to challenge personal jurisdiction by filing three motions prior to the instant motion to dismiss for lack of jurisdiction. Rule 12(g) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Further, Rule

---

[2] Plaintiff does not attempt to argue that the Court possesses personal jurisdiction over Chen based on general jurisdiction. Indeed, the theory of general personal jurisdiction is so clearly inapplicable here that it warrants no further discussion.

12(h) provides that a party may also waive "any defense listed in Rule 12(b)(2)-(5) by ... failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading." Fed. R. Civ. P. 12(h)(1)(B). Thus, the plain language of Rule 12 provides that the defense of lack of personal jurisdiction is waived where a party files a Rule 12 motion or responsive pleading but fails to assert it, or where a party fails to file a Rule 12 motion at all. *Mississippi ex rel. Hood v. Entergy Miss., Inc.*, No. 3:08-CV-780, 2017 WL 2973998, at *1 (S.D. Miss. July 11, 2017); *cf. Alliantgroup, L.P. v. Feingold*, No. H-09-0479, 2009 WL 1109093, at *6 (S.D. Tex. Apr. 24, 2009) ("[Defendant's] motion for extension of time to answer is not a responsive pleading and his failure to object to jurisdiction in that motion did not waive his objection to a lack of personal jurisdiction.").

The first motion filed by Chen was an unopposed motion to continue the submission date (Rec. Doc. 12) for Plaintiff's motion for default judgment. The third motion was a joint motion to set deadlines to file responsive pleadings (Rec. Doc. 17), which was filed after the Court set aside the entry of default. The case law is quite clear that Chen's filing of these non-substantive motions did not waive his ability to object to personal jurisdiction.[3]

---

[3] *See, e.g.*, *Chemguard, Inc. v. Dynax Corp.*, 2010 U.S. Dist. LEXIS 146251 (N.D. Tex. February 2, 2010) (finding that the filing of three motions for extension of time to answer or otherwise respond to complaint did not constitute a waiver of the right to object to personal jurisdiction); *United States v. 51 Pieces of Real Property, Roswell, N.M.*, 17 F.3d 1306, 1314 (10th Cir. 1994) (concluding that a party's motion for extension of time to file a claim in a forfeiture action did not constitute a "defensive move" that waived his personal-jurisdiction defense); *Alliantgroup, L.P. v. Feingold*, 2009 U.S. Dist. LEXIS 34730 (S.D. Tex. April 24, 2009) (defendant's post-removal "motion for extension of time to answer is not a responsive pleading and his failure to object to jurisdiction in that motion did not waive his objection to a lack of personal jurisdiction"); *S&D Trading Acad., LLC v. AAFIS, Inc.*, 2007 U.S. Dist. LEXIS 79839 (S.D. Tex. October 26, 2007) ("A motion to extend the time to answer is neither a Rule 12 motion nor an answer, and it does not therefore cause the moving party to waive objections to personal jurisdiction under the rubric of Rule 12.").

The only other motion filed by Chen prior to the instant motion was his motion to set aside the entry of default. (Rec. Doc. 11). Plaintiff argues that Chen waived his right to challenge personal jurisdiction by making substantive arguments in that motion; however, in his memorandum in support of that motion, Chen stated that he "reserves the right to explore whether this Court has personal jurisdiction over him and to bring such jurisdictional challenge." (Rec. Doc. 11-1 at p. 8). Thus, it is clear that Chen was contemplating bringing a motion to challenge personal jurisdiction. Further, Chen has not filed a responsive pleading or any Rule 12 motions prior to the instant motion. *See* Fed. R. Civ. P. 12(h)(1)(B). Accordingly, the Court finds that Chen has not waived his right to challenge this Court's exercise of personal jurisdiction.

## II.   WHETHER THE COURT HAS PERSONAL JURISDICTION OVER CHEN

### A. Whether Chen's Activities Constitute Minimum Contacts

Next, the Court must decide whether it has personal jurisdiction over Chen. In order for this Court to assert personal jurisdiction over Chen, Plaintiff must establish that Chen's contacts with Louisiana are sufficient to establish personal jurisdiction.

"A non-resident can establish contact with the forum [state] by taking purposeful and affirmative action, the effect of which is to cause business activity (foreseeable by the defendant) in the forum state." *Central Freight Lines, Inc. v. APA Transp. Corp.,* 322 F.3d 376, 382 (5th Cir. 2003). The business activity is "foreseeable by the defendant" if the forum state is "clearly the hub of the parties' activities." *Moncrief Oil. Intern. Inc. v. OAO Gazprom*, 481 F.3d 309, 313 (5th. Cir. 2007). The

most important consideration in determining the "hub of the parties' activities" is where the work contemplated by the contract is to be done. *Id.*

Here, Chen took purposeful and affirmative action by initiating and conducting negotiations with Plaintiff that he intended to result in: (1) Tenth obtaining an office lease in Louisiana, and (2) his guaranteeing of that lease. The only significant activity surrounding these contracts involved the lease of an office in Louisiana. Although Chen was acting as an agent of Tenth when he signed the Lease, he signed the Guaranty in his personal capacity. The Guaranty is the source of Chen's contacts with Louisiana, and, under the terms of the Guaranty, it was foreseeable that Chen would be haled into court in Louisiana if Tenth breached its obligations under the Lease. Additionally, the Lease contains a choice-of-law clause favoring the application of Louisiana law, which is incorporated by reference into the Guaranty. (Rec. Doc. 1-2 at pp. 25, 39). Thus, Chen was acutely aware of the possibility of being haled into court in Louisiana. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 481-82 (1985) (Choice of law provisions are entitled to some weight in considering whether a defendant has purposefully invoked the benefits and protections of a state's laws for jurisdictional purposes).

In support of his argument that this Court lacks jurisdiction over him, Chen primarily relies upon *NBD Bank v. Kersey*, No. CIV. A. 99-1851, 2000 WL 64307, at \*5 (E.D. La. Jan. 25, 2000) (Schwarz, J.). In that case, the court found that "contacts" with Louisiana by defendant guarantors, who had negotiated with the non-resident plaintiff, were insufficient to establish jurisdiction through actions taken in their

7

capacities as agents of a non-party corporation. Defendants correctly note; however, that *NBD Bank* is easily distinguishable from the facts of the present case because: (1) Plaintiff is a Louisiana LLC that is domiciled in Louisiana and has its principal place of business in Louisiana; (2) Chen executed the Guarantee with that Louisiana LLC; and (3) the Guaranty incorporates a choice-of-law clause favoring the application of Louisiana law. (Rec. Doc. 20 at p. 9).

In its opposition, Plaintiff cites *Ochsner Clinic Foundation v. Nicholas*, wherein the court distinguished *NBD Bank* and stated that the plaintiff's reliance thereon was misplaced because *NBD Bank* involved a dispute between two non-residents, whereas the plaintiff in that case was a resident business. CIV.A. 06-10542, 2007 WL 2088383, at *3, n.2 (E.D. La. July 20, 2007) (Fallon, J.). The court also placed much emphasis on the fact that the defendant purposely established minimum contacts with the forum state by contracting for a continuing obligation with a resident business. *Id.* at *3.

In the instant case, multiple facts weigh in favor of this Court's exercise of jurisdiction. First, Chen purposely availed himself of Louisiana law by entering into a continuing obligation in his personal capacity with a Louisiana business (the Guaranty, not the Lease). Second, the Guaranty incorporates a choice-of-law clause applying Louisiana law by reference. Third, Tenth, the lessee covered by the Guaranty, was a Louisiana business. Finally, the property secured by the Guaranty was an immovable located in Louisiana. For the above reasons, the Court finds that Chen has sufficient contacts with Louisiana for this Court to exercise jurisdiction.

**B. Whether Plaintiff's Claim Arises Out of or Relates to Chen's Contacts**

The Court must next determine whether this cause of action arises out of or relates to his contacts with Louisiana. *See Pervasive Software*, 668 F.3d at 221. Plaintiff brought this action in response to Chen's breach of the Guaranty, which secured the Lease between Plaintiff and Tenth. Chen argues that this action arises out of Tenth's alleged failure to fulfill its obligations, not his own. In its complaint, Plaintiff alleges that Tenth failed to pay rent beginning in September 2019, and, as of September 1, 2020, Tenth owed Plaintiff $92,578.58 in rent, late fees, default interest, and attorneys' fees. (Rec. Doc. 1, at pp. 3-4). Under the terms of the Guaranty, Chen is liable to Plaintiff for Tenth's failure to pay rent, without the necessity of Plaintiff proceeding against Tenth or providing Chen with notice or demand, although such notice was provided on September 1, 2020. (Rec. Doc. 1-2 at p. 39). Thus, this action arises out of Chen's alleged breach of the Guaranty because he failed to fulfill his own obligations to Plaintiff.

**C. Whether this Court's Exercise of Jurisdiction over Chen would be Fair or Reasonable**

Since Plaintiff has established a prima facie case that Chen has minimum contacts with Louisiana, the burden shifts to Chen to show that the exercise of jurisdiction would be unreasonable such that it would violate traditional notions of fair play and substantial justice. *Luv N' Care*, 438 F.3d at 473. Chen made no attempts to argue that the Court's exercise of jurisdiction would be unreasonable in this case. Therefore, the Court finds Chen has failed to meet its burden to show that

this Court's exercise of personal jurisdiction would be unreasonable. *See Pervasive Software*, 688 F.3d at 221-22. Accordingly, the Court may exercise personal jurisdiction over Chen.

### III. DEFENDANT'S MOTION TO STRIKE

Chen also filed a motion to strike, arguing that Plaintiff's unsigned complaint should be stricken from the record. Rule 11 requires that "every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name." Fed. R. Civ. P. 11(a). Courts "must strike an unsigned paper unless the omission is promptly corrected" after the attorney is notified. *Id.*; *see also Hernandez v. Siemens Corp.*, 726 F. App'x 267, 269 (5th Cir. 2018). Plaintiff was notified by the Court that his complaint was unsigned; however, the Clerk of Court also notified Plaintiff that no corrective action was necessary. (Rec. Doc. 4).

Despite the confusion regarding Plaintiff's "unsigned" complaint, Plaintiff's complaint is not deficient. Rule 5(d)(3)(C) states that any authorized filing made through an e-filing account, together with that person's name in the signature block, constitutes that person's signature. Fed. R. Civ. P. 5(d)(3)(C). Since this complaint was filed through the Court's e-filing system by Plaintiff's counsel of record, Tyler Arbour, and he presumably authorized the filing of the complaint, his name on the signature block constitutes his signature. Therefore, Plaintiff's motion to strike should be denied because the complaint is treated as signed under Rule 5(d)(3)(C).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Edward Chen's *Motion to Dismiss for Lack of Personal Jurisdiction* and *Motion to Strike* **(Rec. Doc. 19)** are **DENIED**.

New Orleans, Louisiana, this 15th day of June, 2021.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE